UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Edward L. Manchur, Individually and on behalf of those similarly situated,<br>                              Plaintiff,<br><br>v.<br><br>Automile Holdings, LLC, d/b/a Prime Motor Group, and AMR Auto Holdings-PA, LLC, d/b/a/ Audi Westwood,<br>                              Defendants. | C.A. NO.: _____ |

## NOTICE OF REMOVAL

To the Clerk of the United States District Court for the District of Massachusetts and to Plaintiff, Edward L. Machur, and his attorney of record:

**PLEASE TAKE NOTICE** that, under 28 U.S.C. §§ 1332(d), 1446, and 1453, Defendants, Automile Holdings, LLC, d/b/a Prime Motor Group ("Automile") and AMR Auto Holdings-PA, LLC d/b/a Audi Westwood ("AMR") (together, "Defendants"), file this Notice of Removal. Defendants appear for the purpose of removal only and for no other purpose, reserves all defenses and rights available to them, and states as follows:

1.      Plaintiff, Edward L. Manchur, filed a putative class action against Defendants in the Commonwealth of Massachusetts Superior Court, Bristol County, in the civil action captioned, *Edward L. Manchur, Individually and on behalf of those similarly situated, v. Automile Holdings, LLC, d/b/a Prime Motor Group and AMR Auto Holdings-PA, LLC d/b/a Audi Westwood*, Civil Action No. 2273-cv-00177B (Mass. Super. Ct. Bristol County filed 03/03/2022).

2. Plaintiff is a former customer of Defendants, who, at the relevant times herein, owned and operated automobile service facilities in Massachusetts. In his Complaint, Plaintiff alleges that Defendants' billing practices violate Massachusetts law. Specifically, Plaintiff alleges that Defendants overcharged him and unlawfully charged him fees in contravention of Massachusetts law, including M.G.L. Chapter 93A.

3. The Civil Action Cover Sheet avers $3,000,000 in monetary damages, in addition to additional requested relief, including injunctive relief.

4. On or about May 27, 2022, Plaintiff served a copy of the Summons and Complaint upon the Registered Agent of Defendants. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of the State Court Docket and Pleadings are attached hereto as Exhibit 1. The Civil Action Cover Sheet and Category Sheet is attached hereto as Exhibit 2.

5. No motions are currently pending in this Action.

6. In accordance with the requirements of 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within thirty (30) days of Defendants' receipt, through service or otherwise, of the Complaint and Civil Action Cover Sheet establishing that the case could be removed.

7. Plaintiff alleges that he is a resident of the Commonwealth of Massachusetts.

8. Defendant Automile Holdings, LLC is a limited liability company organized and existing pursuant to the laws of the State of Delaware with its principal place of business in New York.

9. Defendant AMR Auto Holdings-PA, LLC is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in New York.

**A.     This Court Has Jurisdiction Under 28 U.S.C. § 1332(d) ("CAFA")[1]**

10.    In 2005, "CAFA was enacted with the stated purpose of expanding the number of class actions that could be heard in federal court." *Pazol v. Tough Mudder Inc.*, 819 F.3d 548, 552 (1st Cir. 2016). Thus, "no antiremoval presumption attends cases invoking CAFA[.]" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 166 (D. Mass. 2007) ("CAFA implements its statutory policy by favoring federal courts over state courts."); *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 47–48 (1st Cir. 2009) (noting how CAFA "made a federal forum more accessible to removing defendants by imposing only a minimal diversity requirement, eliminating the statutory one-year time limit for removal, and providing for interlocutory appeal of a federal district court's remand order"); *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 236 n.3 (D. Mass. 2010) (commenting that "it may be even *easier* to remove a CAFA case to federal court than a non-CAFA case") (emphasis in original).

11.    CAFA expressly provides that class actions filed in state court are removable to federal court where: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a state different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

---

[1] The jurisdictional allegations set forth in this Notice of Second Basis for Removal are made solely to establish that the amount in controversy exceeds CAFA's $5,000,000 threshold. They are not intended and should not be construed as an admission of liability for any amount claimed by Plaintiff. Defendants deny that Plaintiff is entitled to relief and deny the existence of a certifiable class.

12. As discussed below, this case satisfies CAFA's requirements for federal jurisdiction. In addition, none of the exceptions to CAFA jurisdiction apply here.

### 1. *The Putative Class Exceeds 100 Members*

13. CAFA's first requirement is that the putative class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Plaintiff alleges that each alleged class consists of "thousands of members." (Class Action Compl. ¶ 49). This requirement is satisfied.

### 2. *Minimal Diversity Exists*

15. The second CAFA requirement is minimal diversity—at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff is, and was at the time his complaint was filed, a citizen of the Commonwealth of Massachusetts. (Class Action Compl. ¶ 54.)

17. Defendants are Delaware limited liability companies with their principal places of business in New York. They are therefore citizens of Delaware and New York for purposes of jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Khath v. Midland Funding, LLC*, No. CV 14-14184-MLW, 2016 WL 1267387, at *4 (D. Mass. Jan. 7, 2016), *report and recommendation adopted as modified*, No. CV 14-14184-MLW, 2016 WL 1275606 (D. Mass. Mar. 30, 2016) ("For purposes of determining subject matter jurisdiction under CAFA, . . . a limited liability company is considered an unincorporated association and is therefore a citizen of both the state where it has its principal place of business and the state under whose laws it is organized.").

18. There is therefore complete diversity.

### 3. *CAFA's Amount-in-Controversy Requirement Is Satisfied*

19. CAFA's third and final requirement is that that the matter in controversy must exceed the aggregate sum of $5,000,000 for the putative class, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2); 1332(d)(6) ("[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.").

20. The Supreme Court has instructed that, in a notice of removal, the removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(a)); *see also Waithaka v. Amazon.com, Inc.*, 2018 WL 4092074, at *1 (D. Mass. Aug. 28, 2018) (same). The First Circuit has explained that defendants need only show a "reasonable probability" that more than $5,000,000 is in dispute. *Pazol*, 819 F.3d at 552.

21. Under CAFA, the Court aggregates the alleged value of purported class members' claims. *See* 28 U.S.C. § 1332(d)(6).

22. The Court may consider whether the class members' aggregated claims exceed the sum or value of $5,000,000 from the defendants' viewpoint. *See, e.g.*, 14AA Charles Alan Wright, et al., *Federal Practice & Procedure* § 3705.1 (database updated April 2021) ("Because CAFA allows aggregation of the class members' claims in determining the amount in controversy, the federal courts may exercise jurisdiction over cases in which the amount in controversy exceeds $5,000,000 from the viewpoint of the defendant[.]").[2]

---

[2] Although the First Circuit has not addressed what viewpoint to apply to the amount in controversy under CAFA, many courts have adopted an "either viewpoint" approach based on CAFA's text, legislative history, and underlying policy. *See, e.g.*, 14AA Charles Alan Wright, et al., Federal Practice & Procedure § 3705.1 (collecting cases); *Thompson v. Louisiana Reg'l*

23. In determining the aggregate value, the Court considers not only monetary damages, but also the pecuniary consequences from injunctive and declaratory relief. *See, e.g.*, *Hunt v. Wash. Apple Adver. Com'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L.Ed.2d 383 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Richard C. Young & Co.*, 389 F.3d at 3 ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation").

24. Plaintiff's Civil Action Cover Sheet alleges monetary damages in the amount of $3,000,000. See Exhibit 2.

25. Plaintiff's Complaint also demands injunctive relief in the form of fundamentally altering the Defendants' operations, including its services and fee-charging practices. Plaintiff seeks to reform the services that Defendants administer to the public, the fees charged for such services, and the practices and procedures of its service and sales employees.

26. If the Court orders the relief Plaintiff requests, Defendants must ensure that vehicles are no longer stored at their facility, requiring, at a minimum, the hiring of additional personnel qualified to effect repairs on customers' vehicles. Defendants will also be required to store enormous volumes of parts, materials, and other inventory onsite at their facilities, instead of ordering parts for delivery on an as-needed basis. Such an order may also require Defendants

---

*Landfill Co.*, 365 F. Supp. 3d 725, 730 (E.D. La. 2019) ("The legislative history of CAFA makes clear that the amount-controversy requirement is satisfied 'if the value of the matter in litigation exceeds $ 5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).'"); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1160–61 (C.D. Cal. 2013) (holding that aggregation removes the rationale for focusing exclusively on the plaintiff's viewpoint).

to acquire the resources to fabricate parts itself.

27.     Further, if the Court orders the Plaintiff's requested relief, Defendants will be unable to retain fees for many of the services that it performs for customers.

28.     Finally, any Court-ordered relief would also require a massive re-training of Defendants' employees over a period of time. This would further require temporary cessation of Defendants' operations in order to carry out this training, resulting in a significant loss of income to Defendants.

29.     The cost to Defendants of complying with such an order will exceed $5,000,000.

30.     Plaintiff has plausibly put into controversy an amount that exceeds the $5,000,000 *Dart Cherokee*, 574 U.S. at 88–89.

31.     CAFA's $5,000,000 amount-in-controversy requirement is satisfied in this case. 28 U.S.C. §§ 1332(d)(2), 1332(d)(6).

32.     Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Department of the Trial Court, County of Bristol, and will serve a copy of the same on counsel for Plaintiff.

WHEREFORE, Defendants hereby remove the Action now pending in the Commonwealth of Massachusetts, Department of the Superior Court, County of Bristol, Civil Action No. 2273-cv-00177B, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DEFENDANTS,
Automile Holdings, LLC, d/b/a Prime Motor Group ("Automile") and AMR Auto Holdings-PA, LLC d/b/a Audi Westwood,
By its Attorneys,


 _/s/ Michael R. Brown_____
Michael R. Brown, BBO No. 664239
Adler Pollock & Sheehan P.C.
175 Federal Street, 10th Floor
Boston, MA  02110-2210
Tel:  617.482.0600
mbrown@apslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I caused a true copy of the foregoing document to be served upon counsel of record through the court's CM/ECF filing system and electronic mail.

Gerald D'Avolio, Esq.
JD Consulting, LLC
PO Box 637
Dracut, MA 01826
jdconsulting@comcast.net



 _/s/ Michael R. Brown_____
Michael R. Brown

1123613.v1