## 2273CV00177 Manchur, Edward L vs. Automile Holdings, LLC doing business as Prime Motor Group et al

- Case Type:
- Contract / Business Cases
- Case Status:
- Open
- File Date
- 03/03/2022
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Contract Action
- Status Date:
- 03/03/2022
- Case Judge:
- 
- Next Event:

All Information    Party    Tickler    Docket    Disposition



### Party Information

**Manchur, Edward L**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | D'Avolio, Jr., Esq., Gerald Donald |
| | Bar Code |
| | 636002 |
| | Address |
| | JD Consulting, LLC |
| | PO Box 637 |
| | Dracut, MA  01826 |
| | Phone Number |
| | (781)640-9094 |

More Party Information

**Automile Holdings, LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**AMR Auto Holdings-PA, LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 03/03/2022 | 06/01/2022 | 90 | 05/25/2022 |
| Answer | 03/03/2022 | 07/01/2022 | 120 | |
| Rule 12/19/20 Served By | 03/03/2022 | 07/01/2022 | 120 | |
| Rule 12/19/20 Filed By | 03/03/2022 | 08/01/2022 | 151 | |
| Rule 12/19/20 Heard By | 03/03/2022 | 08/30/2022 | 180 | |
| Rule 15 Served By | 03/03/2022 | 07/01/2022 | 120 | |
| Rule 15 Filed By | 03/03/2022 | 08/01/2022 | 151 | |



| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Rule 15 Heard By | 03/03/2022 | 08/30/2022 | 180 | |
| Discovery | 03/03/2022 | 12/28/2022 | 300 | |
| Rule 56 Served By | 03/03/2022 | 01/27/2023 | 330 | |
| Rule 56 Filed By | 03/03/2022 | 02/27/2023 | 361 | |
| Final Pre-Trial Conference | 03/03/2022 | 06/26/2023 | 480 | |
| Judgment | 03/03/2022 | 03/04/2024 | 732 | |

### Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/03/2022 | Complaint electronically filed. | 1 | Image |
| 03/03/2022 | Civil action cover sheet filed. | 2 | Image |
| 03/03/2022 | Case assigned to: DCM Track F - Fast Track was added on 03/03/2022 | | Image |
| 03/03/2022 | Notice of 93A complaint sent to Attorney General | | Image |
| 03/10/2022 | One Trial case reviewed by Clerk, case to remain in the Superior Court. Judge: Sullivan, Jennifer A | | |
| 05/25/2022 | Service Returned for Defendant Automile Holdings, LLC doing business as Prime Motor Group: Service through person in charge / agent; | 3 | Image |
| 05/25/2022 | Service Returned for Defendant AMR Auto Holdings-PA, LLC doing business as Audi Westwood: Service through person in charge / agent; | 4 | Image |
| 05/27/2022 | Service Returned for Defendant AMR Auto Holdings-PA, LLC doing business as Audi Westwood: Service through person in charge / agent; | 5 | Image |
| 05/27/2022 | Service Returned for Defendant Automile Holdings, LLC doing business as Prime Motor Group: Service through person in charge / agent; | 6 | Image |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

## Commonwealth of Massachusetts

BRISTOL _ss._

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. ~~2273CV00177B~~

EDWARD L. MANCHUR, Individually
and on Behalf of those similarly situated _____ PLAINTIFF(S),

vs.

AUTOMILE HOLDINGS LLC, d/b/a Prime Motor Group and
AMR Auto HOLDINGS - PA LLC
d/b/a Audi Westwood _____ DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO: _AMR Auto Holdings - PA LLC d/b/a Audi Westwood_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Bristol County Superior_ Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.    **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.    **How to respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by: _Bristol County Superior_
   a.    Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court, _441 County Street, 1st Floor, New Bedford MA 02740_ (address), by mail or in person, **AND**
   b.    Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Gerald D'Avolio, Jr., Esq., JD Consulting LLC, PO Box 657, Dracut MA 01826._

3.    **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss"**, if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rulesofcourt.**

4.    **Legal Assistance.**  You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at **www.mass.gov/courts/selfhelp.**

5.    **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and **must** appear on the front of your Answer or Motion to Dismiss.  You should refer to yourself as the "Defendant".

Witness Hon. Heidi Bieger, Chief Justice on _____, 20\_\_\_\_. (SEAL)

Marc J. Santos,
Clerk/Magistrate

NOTE: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

May 27, 2022

**I hereby certify and return that on 5/27/2022 at 8:40 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order and Exhibits in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez,  agent and person in charge at the time of service for AMR Auto Holdings-PA, LLC d/b/a Audi Westwood, at 84 State Street Corporation Service Company Boston, MA 02109 .  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00**

Deputy Sheriff     Joseph Casey

*Joseph P Casey*

_____
*Deputy Sheriff*

**Commonwealth of Massachusetts**

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2273CV00177 B_

EDWARD L. MANCHUR, Individually
and on Behalf of those similarly situated _____ PLAINTIFF(S),

vs.

AUTOMILE HOLDINGS LLC d/b/a Prime Motor Group
and AMR Auto Holdings-PA, LLC _____ DEFENDANT(S)
d/b/a Audi Westwood

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _Automile Holdings LLC, d/b/a Prime Motor Group_ (Defendant's name)

<u>You are being sued.</u>  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Bristol County Superior_ Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.    **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.    **How to respond.**  To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a.    Filing your **signed original** response with the Clerk's Office for Civil Business, _Bristol County Superior_ Court, _441 County Street, 1st Floor, New Bedford MA 02740_ (address), by mail or in person, **AND**
   b.    Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Gerald D'Avolio Jr, Esq, JD Consulting LLC, PO Box 639 Dracut MA 01826_

3.    **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss"**, if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rulesofcourt.**

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at **www.mass.gov/courts/selfhelp.**

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and **must** appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant".

Witness Hon. Heidi Bieger, Chief Justice on _____, 20____. (SEAL)

Marc J. Santos,
Clerk/Magistrate

NOTE: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

May 27, 2022

**I hereby certify and return that on 5/27/2022 at 8:40 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order and Exhibits in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, agent and person in charge at the time of service for Automile Parent Holdings, LLC d/b/a Prime Motor Group, at 84 State Street Corporation Service Company Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($22.88) Total: $59.18**

Deputy Sheriff     Joseph Casey

*Joseph P Casey*

*Deputy Sheriff*

#1

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL COUNTY, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2273CV00177B

)
EDWARD L. MANCHUR,          )
Individually                )
and on behalf of those      )
similarly situated,         )
                            )
    *Plaintiff,*        )
                            )
    v.                  )
                            )
AUTOMILE HOLDINGS,          )
LLC, d/b/a Prime Motor Group, )
                            )
   and               )
                            )
AMR AUTO HOLDINGS-PA, LLC, )
d/b/a Audi Westwood         )
                            )
    *Defendants.*      )
                            )

BRISTOL, SS SUPERIOR COURT
FILED

MAR – 3 2022

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

### INTRODUCTION

1.  This action arises from defendants' unlawful charges of storage fees and unlawful billing practices, each in violation of M.G.L. c. 93A and regulations promulgated thereunder that are applicable to the repair of motor vehicles by repair shops. Allegations made herein are made on information and belief except as to matters pertaining to Plaintiff and his counsel which are based on personal knowledge.

2.  During the week of July 25, 2021, because Plaintiff was unable to start his vehicle, Plaintiff arranged to have his vehicle towed to Audi of Westwood 375 Providence Hwy, Westwood, MA.

-1-

3.    Soon after Plaintiff's vehicle was towed to the dealer known as Audi of Westwood,[1] Plaintiff communicated by telephone with Renan DeAlmeida, an employee of one or more of the Defendants, to inform him that he could not start his vehicle and to inform DeAlmeida that Plaintiff believed that the battery was dead due to its several months of off-road storage.

4.    Among other things, during that conversation, Plaintiff informed DeAlmeida that Audi of Westwood was authorized to replace the battery on Plaintiff's vehicle.

5.    At no time during that conversation, did DeAlmeida disclose to Plaintiff that he would be charged a storage fee in connection with the services that Audi of Westwood would perform on Plaintiff's vehicle.

6.    On or about July 29, 2021, DeAlmeida called Plaintiff to inform him that after having replaced Plaintiff's battery, an Audi technician started the vehicle at which point the "timing chain jumped" likely causing damage to the valves and very likely additional motor parts and other critical automotive parts. Plaintiff inquired as to an estimate to replace the timing chain, and DeAlmeida stated that just the replacement of the timing chain would cost approximately $4,500.00.

7.    During that call, when Plaintiff voiced concern over what Plaintiff perceived to be an outrageously excessive price and also informed DeAlmeida that if extensive damage was done to the engine, it would likely entail a cost to repair in excess of the then fair value of Plaintiff's vehicle, DeAlmeida cavalierly stated "well I don't know the value of your vehicle."

---

[1] On information and belief, Audi of Westwood is a d/b/a for Defendant AMR Holdings-PA, LLC.

8.    Plaintiff reluctantly agreed to allow Defendants to run a diagnostic test for which Plaintiff was charged a diagnostic fee in the amount of $348.88.

9.    On July 30, 2021, DeAlmeida again called Plaintiff to inform him that despite charging Plaintiff for diagnostic labor services, Audi of Westwood was not willing to perform the services required to repair Plaintiff's vehicle because Plaintiff "did not seem to be cooperative" (or words substantially to that effect).

10.    Upon hearing from Mr. DeAlmeida, Plaintiff obtained the email address for Defendant Mark Hayden, Vice President of Marketing for Defendant Automile Holdings., LLC, d/b/a Prime Motor Group, in an attempt to amicably resolve the dispute between Plaintiff and Defendants.

11.    Rather than Defendants seeking to resolve the dispute, Plaintiff received a telephone call during the morning of Thursday, August 5, 2021 from the senior manager of the service department of Defendant Audi of Westwood who was notably perturbed that Plaintiff "had gone to headquarters" (in the senior manager's words) to complain and, accordingly, was belligerent and unprofessional during that phone call.

12.    The service manager stated that Defendants had "no obligation" with respect to work done (or to be done) on Plaintiff's vehicle and simply informed Plaintiff *for the first time* that Plaintiff would incur a "storage charge" at the rate of $35.00 (the "Storage Fee") commencing immediately until Plaintiff's vehicle was removed from Defendant Audi of Westwood's premises.

13.    At no time during that phone call did Plaintiff indicate that he was unwilling to pick up his vehicle and have it removed from Audi of Westwood's premises.

-3-

14. Plaintiff called a tow company within minutes after the above-referenced conversation to request that his vehicle be towed from Audi of Westwood's premises. At that time, Plaintiff was informed that the tow company could not accomplish the tow unless Plaintiff was present when the tow truck was on the Audi of Westwood's premises.

15. As Plaintiff had work responsibilities that were unavoidable on Thursday and Friday, August 5th and August 6th, respectively, Plaintiff arranged to have his vehicle towed on Saturday, August 7, 2021 when he had an opportunity to be present on the premises at Audi of Westwood.

16. Defendants have asserted that Plaintiff "refused" to remove his vehicle from the Audi of Westwood premises. That assertion, namely that Plaintiff "refused" to remove his vehicle from Audi of Westwood's premises, is false.

17. Subsequently, on Saturday, August 7, 2021, at approximately 2:00 p.m., Plaintiff had his vehicle towed from Defendant Audi of Westwood premises.

18. In order to have Plaintiff's vehicle released, Plaintiff met with Mr. DeAlmeida who showed Plaintiff a document setting forth the charges that Audi of Westwood had made and informed Plaintiff that he was required to pay the amount reflected on that document.

19. Plaintiff informed Mr. DeAlmeida that he had been informed by the Audi of Westwood service manager that there would be a storage charge, whereupon Plaintiff questioned why the storage charge was $105.00 (or three full days of charges) (the "Storage Charges") when Plaintiff's vehicle had been stored for less than 72 hours (i.e., for less than three 24-hour days) from the time that Plaintiff was first informed that Audi of Westwood intended to charge Plaintiff for the storage of his vehicle.

-4-

20.     Plaintiff did not believe that the amount of the Storage Charge was appropriate and told Mr. DeAlmeida the same.

21.     At no time did Plaintiff tell Mr. DeAlmeida or anyone else that he desired to pay the Storage Charge. Any assertion to the contrary is a lie. In fact, Plaintiff indicated to DeAlmeida that he did not believe he should be charged for three full days of storage.

22.     Mr. DeAlmeida asked Plaintiff if he would like to speak to the service manager at which point Plaintiff replied that he did not and that Plaintiff intended to sue Audi of Westwood.

23.     At no time did any individual acting on behalf of Defendant offer to waive the Storage Charge or any portion of it. Defendants have asserted that Defendants did offer Plaintiff to have the Storage Charge waived. That assertion is false.

24.     At no time did Plaintiff insist that he be charged the Storage Charge and Plaintiff never believed that he had the right to remove his vehicle from Audi of Westwood's premises unless he paid the full amount referenced by Mr. DeAmeida, including the Storage Charge, and which amount was displayed on the writing shown to Plaintiff by DeAmeida.

25.     Subsequently, Mr. DeAmeida presented Plaintiff with Defendants' standard invoice form in respect to the service of Plaintiff's vehicle in the total amount of $909.65 (the "Invoice").

**Unlawful Billing Practices by Defendants**

26.     The Invoice reflects two labor charges for the diagnostic services ($164.77 and $348.88) and a Storage Charge of $105.00. While the Invoice reflects two charges for labor in the respective amounts of $164.77 and $348.88; nowhere on the Invoice is there stated the number of hours expended nor the price charged for each hour of such labor as required by 940 C.M.R. § 5.05(9)(g).

-5-

27. Defendants have an unlawful uniform policy and practice of failing to comply with the requirements of 940 C.M.R. § 5.05(9)(g).

28. Moreover, while the Invoice reflects charges for parts, labor and storage in the aggregate amount of $845.65, Plaintiff was actually billed an additional amount of $46.88 which the Invoice described as "Misc. Charges" without a corresponding reference to the labor, parts or storage that such "charges" related to.

29. The failure to itemize and categorize the "Misc Charges" as labor, parts and/or storage constitutes an unfair and deceptive business practice pursuant to 940 C.M.R. §§ 5.05(3), (5), (7) and (9). Nowhere on Defendants' premises do Defendants' post in a clear and conspicuous manner the cost or charges for parts, labor, storage or other "misc. charges".

30. Defendants have an unlawful uniform policy and practice of failing to comply with the requirements of 940 C.M.R. §§ 5.05(3), (5), (7) and (9).

31. A true and accurate copy of the Invoice is attached hereto as Exhibit A.

32. Plaintiff paid the Invoice in its entirety under protest and left the premises.

33. Shortly thereafter, Plaintiff's vehicle was towed from Defendants' premises.

**Unlawful Storage Fee Charges by Defendants**

34. At no time prior to Thursday morning at approximately 8:00 a.m., August 5, 2021, did Defendants inform Plaintiff that a condition of releasing his vehicle to Plaintiff would entail a storage fee of any kind.

35. At no time during initial communications with DeAlmeida did Defendants give notice to Plaintiff that a storage fee would be a condition of the services he authorized to be done to his vehicle or for the release of his vehicle to Plaintiff.

36.    In short, Plaintiff was unaware that he would be charged the Storage Fee at the time he authorized work to be done on his vehicle, and Defendants' failure to give reasonable notice to Plaintiff that he would be charged the Storage Fee constitutes an unfair and deceptive act because, among other things, Defendants' action in charging such a Storage Fee is arbitrary, in bad faith, and unconscionable and resulted in monetary harm and damage to Plaintiff.

37.    The charging of the Storage Fee is also unfair and deceptive as set forth in 940 C.M.R. § 5.05(4)(a).

38.    Furthermore, the amount of the Storage Fee is unreasonable as it effectively commenced running at the very second that the service manager informed Plaintiff that he would be charged a fee for storage of his vehicle; rather than having the Storage Fee calculated on a 24-hour daily period.

39.    On information and belief, Defendants have a policy of charging and/or overcharging similarly situated consumers (i.e., Storage Fee Class members (defined below)) storage fee(s) without informing them in advance of such fees and without complying with 940 C.M.R. § 5.05(4)(a).

40.    On information and belief, Defendants do not post in any clear and conspicuous manner, a notice of their right to charge, or the amount for charges, for storage fees.

41.    Plaintiff spent approximately one hour at Defendant Audi of Westwood's facility on Saturday, August 7, 2021, walking throughout the service and sales departments and observed no notice whatsoever about storage fees. Defendant maintains an unlawful and uniform policy and practice of charging fees for storage of vehicles without informing owners of vehicles thereof in a timely manner in violation of 940 C.M.R. § 5.05(4)(a).

42.    Defendants' response letter to the Demand (defined below in paragraph 44) stated that "Prime charged a storage fee under its usual practice."

43.    Defendants maintain an unlawful practice of charging fees for storage of vehicles in excess of $35.00 per 24-hour period and/or without regard to a 24-hour period.

**Demand Letter Served by Plaintiff Without a Reasonable Offer of Settlement**

44.    Plaintiff served Defendants with a 93A demand letter more than thirty (30) days prior to commencing this lawsuit. A true and accurate copy of that letter is attached hereto as Exhibit B (the "Demand").

45.    In response to the Demand, Defendants sent a letter which refused to offer Plaintiff or the putative class a reasonable offer of settlement and in fact the response letter stated, in part, "Prime denies any liability under the Massachusetts Consumer Protection or any other law."

## CLASS ACTION ALLEGATIONS

46.    Pursuant to the provisions of Rules 23(a) and 23(b) of the Massachusetts Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and three separate classes defined below as:

### Massachusetts Class-Storage Fees

The **Storage Fee Class** which shall consist of all consumers who engaged Defendants to perform services on their vehicles and who were charged a storage fee by Defendants for the storage of their vehicles in Massachusetts within the four-year period preceding the date of the filing of this complaint and continuing until the later of resolution of this matter on a class wide basis or the date the Storage Fee Class is certified by a court of competent jurisdiction.

The Storage Fee Class shall contain a *sub-class* of consumers (or a separate class of consumers, if the Storage Fee Class is not certified) who were charged a storage fee by Defendants for the storage of their vehicles that was greater than $35.00/24-hour period, within the four-year period preceding the date of the filing of this complaint and continuing until the later of resolution of this matter on a

class wide basis or the date the Class is certified by a court of competent jurisdiction.

## Massachusetts-Labor Invoice Fee Class

The **Labor Invoice Fee Class** shall consist of all consumers that engaged Defendants to perform services on their vehicles in Massachusetts and who were issued an invoice for labor purportedly performed that did not reflect the hourly rate and/or the number of hours for such labor, within the four-year period preceding the date this complaint was filed and continuing until the later of resolution of this matter on a class wide basis or the date the Class is certified by a court of competent jurisdiction.

## Massachusetts-"Misc. Charge" Invoice Fee Class

The **Miscellaneous Charge Invoice Fee Class** shall consist of all consumers that engaged Defendants to perform services on their vehicles in Massachusetts and who were issued an invoice which reflected a "misc. charge" or any similar charge without a reference to parts, labor or storage, within the four-year period preceding the date this complaint was filed and continuing until the later of resolution of this matter on a class wide basis or the date the Class is certified by a court of competent jurisdiction.

47.     The Class excludes Defendants (and any of their respective parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, and coconspirators), all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

48.     Certification of Plaintiff's claims for class-wide treatment is appropriate because all elements of Mass. R. Civ. P. 23(a) and 23(b) are satisfied. Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

49.     **Numerosity:** The members of each Class are so numerous and geographically dispersed that individual joinder of each such Class members is impracticable. While Plaintiff is informed and believes that there are thousands of members of each Class, the precise number of Class members is unknown to Plaintiff. Plaintiff believes that the identity of Class members is

-9-

known or knowable by Defendants or can be discerned through reasonable means including electronically stored records kept by Defendants. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

50.    **Commonality and Predominance:** All other requirements of Mass. R. Civ. P. 23(a) and 23(b) are satisfied. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

a.    whether Defendants engaged in the deceptive and misleading business practices alleged herein as to Plaintiff and each of the respective Class members;

b.    whether Defendants maintain a policy of charging storage fees in violation of applicable regulations cited herein;

c.    whether Defendants maintain a policy of charging for "misc charges" in violation of the applicable regulations cited herein;

d.    whether Defendants maintain a policy of failing disclose on invoices the number of hours expended and the price charged for each hour of such labor as required by 940 C.M.R. § 5.05 (9)(g);

e.    whether Defendants have been unjustly enriched at the expense of Plaintiff and members of each respective Class by reason of Defendants' acts and omissions complained of herein;

f.    whether Plaintiff and members of each respective Class are entitled to damages and, if so, the measure of such damages; and

.g.    whether Plaintiff and members of each respective Class are entitled to injunctive or declaratory relief.

51.    **Typicality:** Plaintiff is a member of each Class, and Plaintiff's claims are typical of the other respective Class members' claims because, among other things, all Class members were comparably injured through Defendants' conduct.

52.    **Adequacy of Representation:** Plaintiff is an adequate Class representative of each member of each respective Class because he is a member of each Class and his interests do not conflict with the interests of the other members of each respective Class that he seeks to represent. Plaintiff is committed to pursuing this matter for each respective Class with the Class members' collective best interests in mind. Plaintiff has retained competent counsel and Plaintiff intends to prosecute this action vigorously. Plaintiff, and his counsel, will fairly and adequately protect the interests of the members of each respective Class.

53.    **Predominance and Superiority:** As described above, common issues of law or fact predominate over individual issues. Resolution of those common issues in Plaintiff's individual cases will also resolve them for the claims of the members of each respective Class. In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members of the respective Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of each respective Class to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory

judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## PARTIES

54.     Plaintiff Edward L. Manchur at all relevant times was a resident of Norton, Massachusetts Bristol County, Massachusetts.

55.     AUTOMILE HOLDINGS, LLC, d/b/a Prime Motor Group ("Auotmile") is, and at all relevant times herein was, an out of state limited liability company having its principal place of business located at 375 Providence Hwy, Westwood, MA 02090. This Defendant (i.e., Automile) owns, operates, manages and controls Defendant AMR Auto Holdings-PA, LLC d/b/a Audi Westwood ("Westwood"), and is responsible for developing and implementing the policies and practices complained of herein.

56.     Defendant AMR Auto Holdings-PA, LLC d/b/a Audi Westwood (i.e., Westwood) is, and at all relevant times herein was, an out of state limited liability company having its principal place of business located at 375 Providence Hwy, Westwood, MA 02090. This Defendant (i.e., Westwood) applied the policies and practices complained of herein to Plaintiff. This Defendant also shared its revenues and/or profits with Defendant Automile and/or paid manager fees or similar monies to Defendant Automile.

57.     On information and belief, Defendant Automile owns, manages, controls and develops similar or identical policies and procedures that are complained of herein, for use in the business of other automobile dealerships and repair shops located in Massachusetts, and Plaintiff intends to move to name such other dealerships and/or repair shops as additional defendants as disclosed through discovery taken in this matter.

-12-

## JURISDICTION AND VENUE

58.    This case involves damages greater than the jurisdictional requirement to sue in this Court (i.e., more than $50,000.00) and this case also seeks equitable relief, including, but not limited to, an injunction and an accounting, the imposition of a constructive trust, and restitution.

59.    Venue is proper in this Court as this action is brought by Plaintiff, who, at all relevant times, has maintained his personal residence in Norton, Bristol County, Massachusetts.

### COUNT I
### BREACH OF CONTRACT
### (Against AMR Auto Holdings – PA, LLC)

60.    Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs as if each were separately and specifically set forth herein.

61.    Plaintiff and each member of each Class entered into binding agreements with Defendant for the service of their respective vehicles.

62.    Plaintiff and each member of each Class rightfully expected that the agreements would comply with applicable laws regarding the service, billing and storage of their vehicles and those requirements became a part of the basis of the bargain between Plaintiff and each of the respective Class members, on the one hand, and Defendant on the other.

63.    Defendant breached their agreements with Plaintiff and each member of each Class by charging storage fees and miscellaneous fees and labor fees in a manner that did not comply with applicable law.

64.    As a result of Defendant's breach of its agreement with Plaintiff and each member of each Class, the same have been damaged in an amount to be determined at trial.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against AMR Auto Holdings – PA, LLC)

65. Plaintiff repeats and realleges the foregoing allegations as if each were separately and specifically set forth herein.

66. Implicit in each of the agreements between Plaintiff and each member of each class on the one hand, and Defendant on the other, is a covenant of good faith and fair dealing.

67. Plaintiff and each member of each class had a reasonable expectation that Defendant would act in a way that would permit them to enjoy the reasonable fruits of their respective agreements with Defendant. Defendant violated the reasonable expectations, and destroyed and/or injured the right of Plaintiff and each member of each class to receive the fruits of their agreements with Defendant, and Defendant breached the implied covenant by, *inter alia*: (i) failing to inform Plaintiff and each member of the Storage Fee Class in a timely manner that they would be charged a storage fee; and (ii) issuing invoices to Plaintiff and each member of each class that did not comport and comply with applicable laws, rules and regulations designed for the protection of consumers.

68. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and each member of each class have suffered damages in an amount to be determined at trial.

## COUNT III
## UNJUST ENRICHMENT
### (Against All Defendants)

### (In the Alternative)

69. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if each were separately and specifically set forth herein.

-14-

70.    Plaintiff and each member of each class reasonably expected that, in exchange for agreeing to have their vehicles serviced, Defendant would charge them only in compliance with applicable laws including lawfully charging them for storage fees and fees in compliance with the laws, rules and regulations governing the service of their vehicles.

71.    Defendants have received a benefit in the form of unlawful or excess storage charges, miscellaneous charges that do not comport with the law and labor fees that do not comport with the law.

72.    Defendants have received this benefit at the expense of Plaintiff and each member of each class because, in equity and good conscience, the above-referenced charges could not lawfully be imposed.

73.    Defendants' retention of one hundred percent (100%) of the above-referenced charges is against principles of justice and equity and good conscience.

74.    As a result of Defendants' retention of the entirety of the above-referenced charges, Defendants have been been unjustly enriched at the expense of Plaintiff and each member of each class, and each of them has suffered damage.

75.    Defendants are liable in restitution and for damages in an amount to be determined at trial.

### COUNT IV
### VIOLATION OF G.L. c. 93A
### (Against all Defendants)

76.    Defendants' conduct constitutes unfair methods of competition and unfair and deceptive acts and practices in the conduct of a trade or commerce. Defendants' conduct was consumer-oriented and this conduct had a broad impact on consumers at large. Defendants

-15-

engaged in unfair and deceptive and unlawful uniform practices of charging unlawful storage fees and issuing invoices that do not comport with applicable law, rules and regulations.

77.    Defendants' conduct violated and continues to violate at least the following: 940 C.M.R. §§ 3.16(1) through 3.16(4); 940 C.M.R. § 5.05(4)(a) and 940 C.M.R. §§ 5.05(3), (5), (7), (9) and (9)(g)

78.    By violating these regulations, Defendants have committed acts and practices that violate Massachusetts G.L. c. 93A.

79.    Plaintiff and other members of the Class were deceived.

80.    Plaintiff and other members of each Class were injured as a result of and by Defendants' unlawful, unfair and deceptive acts and practices. Plaintiff and other members of each Class were injured by Defendants' use or employment of methods, acts, and practices declared to be unlawful by section two of the Massachusetts G.L. c. 93A and of any rule or regulation issued thereunder or applicable thereto.

81.    Defendants' violation of Massachusetts G.L. c. 93A, Section 1, *et seq.* is ongoing.

82.    As a direct and proximate cause of Defendants' violation of Massachusetts G.L. c. 93A Section 1, *et seq.*, Plaintiff and the members of each Class were injured when they paid for unlawful storage fees and/or other charges that were imposed by Defendants in violation of applicable laws, rules or regulations, and have been damaged in an amount to be determined at trial.

83.    In addition, Plaintiff and the members of each Class are entitled to the greater of their actual damages trebled and the statutory amount of $25.00.

84.    More than thirty days prior to the filing of this action, a written demand for relief, identifying Plaintiff and defining each Class and reasonably describing the unfair or deceptive

-16-

acts or practices relied upon and the injury suffered by Plaintiff and each member of each respective Class, was delivered to Defendants or their agent(s). Defendants failed to respond to this demand in any reasonable manner and did not make a reasonable offer of settlement. Defendants have not as of this date changed their acts or practices complained of herein.

85.     Defendants' actions were knowing and willful and their failure to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two of Massachusetts G.L. c. 93A.

86.     Because Defendants' violation of Massachusetts G.L. c. 93A, Section 1, *et seq.* was knowing and willful and Defendants' failure to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two of Massachusetts G.L. c. 93A, Plaintiff and the members of each Class are entitled to recover three times their actual damages and any applicable statutory penalties as well as to attorneys' fees and costs

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and each member of each Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of each Class under Mass. R. Civ. P. 23 and appointing Plaintiff's counsel as counsel for each Class;

(b) Awarding monetary statutory and common law damages in an amount to be determined at trial;

(c) Awarding treble damages pursuant to law, and all other actual, general, special, statutory, punitive, and consequential damages to which Plaintiff and Class Members of each Class are entitled;

-17-

(d) Awarding Plaintiff and Class Members of each Class their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses;

(e) For injunctive relief, compelling Defendants to cease its unlawful actions and to account to Plaintiff and Class members for unjust enrichment and to direct Defendants to hold monies that are ill-gotten in constructive trust for the benefit of Plaintiff and each member of each Class as shall be allocable to the same;

(f) For pre-judgment and post-judgment interest; and

(g) For such other and further relief as the Court may deem just and proper including equitable or injunctive relief allowable by law.

Plaintiff Edward L. Manchur

By his attorney,

*/s/ Gerald D'Avolio, Jr.*

Dated: February 1, 2022

Gerald D'Avolio, Jr. Esq.
(BBO# 636002)
JD Consulting, LLC
P.O. Box 637
Dracut, MA 01826
Tel: (781) 640-9094
jdconsulting@comcast.net

# EXHIBIT

# A

CUSTOMER #: 9783331013       67830       **prime** MOTOR GROUP   **Audi Westwood**

\*INVOICE\*

375 Providence Highway
Westwood, MA 02090

EDWARD MANCHUR
9 MORGAN LN
NORTON, MA 02766-2814       PAGE 1       **781-234-2000**
HOME:978-333-1013 CONT:978-333-1013      *www.primemotorgroup.com*
BUS:      CELL:      SERVICE ADVISOR: 9797 RENAN DE ALMEIDA

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
| | 11 | AUDI A5 CABRIOLET 2. | WAULFAFH3BN019742 | | 177727/177727 | T7137 |

| DEL DATE | PROD. DATE | WARR. EXP. | PROMISED | P.O. NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 25MAY11 DD | | 26MAY2019 19:00 26JUL21 | | | | CASH | 07AUG21 |

| R.O. OPENED | READY | OPTIONS: | ENG:2.0 Liter GDI DOHC Turbo |
|---|---|---|---|
| 26JUL21 | 07AUG21 | | |

| LINE OPCODE TECH TYPE HOURS | LIST | NET | TOTAL |
|---|---|---|---|
| A. OIL AND FILTER CHANGE WITH SYNTHETIC OIL $135.00 | | | |
| OCS OIL AND FILTER CHANGE WITH SYNTHETIC OIL | | | |
|     10372 DUNN,JOSHUA LIC#: 10372 | | | |
|     WPA3 | | | (N/C) |
| 1 06J-115-403-Q OIL FILTER | | | (N/C) |
| 49 G-052-167-80 ENGINE OIL | | | (N/C) |

PARTS:    0.00   LABOR:    0.00   OTHER:    0.00   TOTAL LINE A:    0.00
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| B. CLIENT STATES THE VEHICLE IS NOT STARTING UNLESS JUMPED AND EVEN | | | |
|---|---|---|---|
|     AFTER IT STARTS IT HESITATES AND THEN SHUTS OFF. PLEASE INSPECT | | | |
|     AND ADVISE. $164.00 / | | | |
| BATTERY REPLACED VEHICLE BATTERY | | | |
|     10372 DUNN,JOSHUA LIC#: 10372 | | | |
|     CPAB | | 164.77 | 164.77 |
| 1 000-915-105-DL-DSP BATTERY | 227.00 | 227.00 | 227.00 |
| CORE CHARGE C | | 15.00 | 15.00 |
| -1 000-915-105-DL-DSP CORE RETURN | 15.00 | 15.00 | -15.00 |
| S20 PERFORMED FURTHER DIAGNOSIS AND FOUND VEHICLE | | | |
|     JUMPED TIME CAUSING CAR NOT TO START. | | | |
|     10372 DUNN,JOSHUA LIC#: 10372 | | | |
|     CPAB | | 348.88 | 348.88 |
| UBL 3 DAYS STORAGE | | | |
|     CPAB | | 105.00 | 105.00 |

PARTS:   227.00   LABOR:    513.65   OTHER:    105.00   TOTAL LINE B:    845.65
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| PERFORM COMPLEMENTARY MULTI-POINT INSPECTION | | | |
|---|---|---|---|
| FI PERFORM COMPLEMENTARY MULTI-POINT INSPECTION | | | |
|     10372 DUNN,JOSHUA LIC#: 10372 | | | |
|     CPAB | | 0.00 | 0.00 |

PARTS:    0.00   LABOR:    0.00   OTHER:    0.00   TOTAL LINE C:    0.00
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLEMENTARY WASH AND VAC OF VEHICLE
    WASH COMPLEMENTARY WASH AND VAC OF VEHICLE
        10372 DUNN,JOSHUA LIC#: 10372

**EXCLUSION OF WARRANTIES**

Any warranties on the parts and accessories sold hereby are made by the manufacturer. The undersigned purchaser understands and agrees that dealer makes no warranties of any kind, express or implied, and disclaims all warranties, including warranties of merchantability or fitness for a particular purpose, with regard to the parts and/or accessories purchased; and that in no event shall dealer be liable for incidental or consequential damages or commercial losses arising out of such purchase. The undersigned purchaser further agrees that the warranties excluded by dealer, include, but are not limited to any warranties that such parts and/or accessories be of merchantable quality or that they will enable any vehicle or any of its systems to perform with reasonable safety, efficiency, or comfort.

**"LIMITED LABOR WARRANTY"**

The repair facility guarantees the labor used in performing the repairs listed on this repair order for a period of 90 days or 4,000 miles whichever comes first from the date such repairs were completed. If our repair or replacement fails in normal service within that period, we'll fix it free of charge.

**DISPOSAL OF HAZARDOUS WASTE**

The State of Massachusetts requires that all hazardous waste (Oil, Solvents, Anti-Freeze, etc.) must be disposed of by licensed sources in an environmentally safe manner. Any charges for disposal of hazardous waste reflects our conformity to state law in addition to our concern for the preservation of the environment.

ALL PARTS INSTALLED ARE NEW   X _____
UNLESS SPECIFIED OTHERWISE.         CUSTOMER SIGNATURE

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

CUSTOMER #: 9783331013

67830

**prime** Audi Westwood

*INVOICE*

375 Providence Highway
Westwood, MA 02090

781-234-2000
www.primemotorgroup.com

EDWARD MANCHUR
9 MORGAN LN
NORTON, MA 02766-2814
HOME:978-333-1013 CONT:978-333-1013
BUS:          CELL:

PAGE 2

SERVICE ADVISOR: 9797 RENAN DE ALMEIDA

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|-------|------|------------|-----|---------|----------------|-----|
|       | 11   | AUDI A5 CABRIOLET 2. | WAULFAFH3BN019742 |  | 177727/177727 | T7137 |

| DEL DATE | PROD. DATE | WARR. EXP. | PROMISED | P.O. NO. | RATE | PAYMENT | INV. DATE |
|----------|------------|------------|----------|----------|------|---------|-----------|
| 26MAY11 DD |  | 26MAY2015 | 19:00 26JUL21 |  |  | CASH | 07AUG21 |

| R.O. OPENED | READY | OPTIONS: | ENG:2.0_Liter_GDI_DOHC_Turbo |
|-------------|-------|----------|------------------------------|
| 26JUL21 | 07AUG21 |  |  |

| LINE | OPCODE | TECH | TYPE | HOURS | LIST | NET | TOTAL |
|------|--------|------|------|-------|------|-----|-------|
|  |  |  | CPAB |  |  | 0.00 | 0.00 |
| PARTS: | 0.00 | LABOR: | 0.00 | OTHER: | 0.00 | TOTAL LINE D: | 0.00 |

******************************************************

E TOW IN
    S20 VEHICLE TOWED IN:
        10372 DUNN,JOSHUA LIC#: 10372
        CPAB                                                0.00        0.00
PARTS:    0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE E:     0.00

******************************************************

** CLIENT STATES THE DRIVERS SIDE SEAT IS NOT MOVING FORWARD NOR BACK.
    PLEASE INSPECT AND ADVISE.
    S20 NMO FURTHER DIAGNOSIS PERFORMED.
        10372 DUNN,JOSHUA LIC#: 10372
        CPAB                                                0.00        0.00
PARTS:    0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE F:     0.00

******************************************************

**EXCLUSION OF WARRANTIES**
ny warranties on the parts and accessories sold hereby are made by the manufacturer. The undersigned purchaser understands and
agrees that dealer makes no warranties of any kind, express or implied, and disclaims all warranties, including warranties of
merchantability or fitness for a particular purpose, with regard to the parts and/or accessories purchased, and that in no event shall
dealer be liable for incidental or consequential damages or commercial losses arising out of such purchase. The undersigned purchaser
also agrees that the warranties excluded by dealer, include, but are not limited to any warranties that such parts and/or accessories
are of merchantable quality or that they will enable any vehicle or any of its systems to perform with reasonable safety, efficiency, or
comfort.
            **"LIMITED LABOR WARRANTY"**
The repair facility guarantees the labor used in performing the repairs listed on this repair order for a period of 90 days or 4,000 miles
whichever comes first from the date such repairs were completed. If our repair or replacement falls in normal service within that
period, we'll fix it free of charge.
            **DISPOSAL OF HAZARDOUS WASTE**
The State of Massachusetts requires that all hazardous waste (Oil, Solvents, Anti-Freeze, etc.) must be disposed of by licensed
contractor in an environmentally safe manner.
ny charges for disposal of hazardous waste reflects our conformity to state law in addition to our concern for the preservation of the
environment.
ALL PARTS INSTALLED ARE NEW  X
UNLESS SPECIFIED OTHERWISE.              CUSTOMER SIGNATURE

| DESCRIPTION | TOTALS |
|-------------|--------|
| LABOR AMOUNT | 513.65 |
| PARTS AMOUNT | 227.00 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 105.00 |
| MISC. CHARGES | 46.88 |
| TOTAL CHARGES | 892.53 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 17.12 |
| PLEASE PAY THIS AMOUNT | 909.65 |

CUSTOMER COPY

```
                AUDI PORSCHE WESTWOOD
                375 PROVIDENCE HIGHWAY
                 WESTWOOD, MA 02690
   08/07/2021                    12:16:18
                    DEBIT CARD

                    DEBIT SALE

   Card #              XXXXXXXXXXXX1014
   Network:                       VISA
   Chip Card:                 US DEBIT
   AID:              A0000000980840
   SEQ #:                           7
   Batch #:                       175
   INVOICE                      67830
   Approval Code:              417686
   Entry Method:            Chip Read
   Mode:          Issuer - PIN Bypassed


   SALE AMOUNT              $300.65


                    CUSTOMER COPY
```

# EXHIBIT
# B

# Michael A. Borrelli
## Attorney At Law

806 Fox Run                                           Telephone: (781) 983-7983
Middleboro, Massachusetts  02346-6319                 E-Mail: maborrelliesq@gmail.com

September 20, 2021

### Certified Mail Return Receipt Requested

Automile Holdings, LLC
  (d/b/a Prime Motor Group)
c/o Corporation Service Company,
  Registered Agent
84 State Street
Boston, MA  02109

AMR Auto Holdings-PA, LLC
  (d/b/a Audi Westwood)
c/o Corporation Service Company,
  Registered Agent
84 State Street
Boston, MA  02109

**By Email**

Mark Hayden
Vice President of Marketing
Prime Motor Group
MHayden@DrivePrime.com

*Re: Edward L. Manchur and Law Offices of Edward L. Manchur, P.C. Individually
and on Behalf of the Putative Class (Fees for Storage/Service).*

Dear Sir or Madam:

I am writing on behalf the Law Offices of Edward L. Manchur, P.C. and Edward L. Manchur (collectively, the "Plaintiff") individually and in Plaintiff's representative capacity on behalf of three separate classes (the "Classes") further defined below, in connection with (1) vehicle storage charges made by, through and/or on behalf of the above-named addressees of this letter ("Defendants") with respect to the storage and/or retention of consumers' (i.e., Plaintiff and Class members') vehicles; and (2) certain other violations of the law related to the invoicing of members of the Classes, all as further described below.

During the week of July 25, 2021, because Plaintiff was unable to start his vehicle, Plaintiff accessed the website of "Audi of Westwood" to assess in order to evaluate whether he should have his Vehicle towed there to be worked on. Plaintiff read relevant portions of the representations and statements on Defendant's website, and Plaintiff had his vehicle towed to Audi of Westwood location at 375 Providence Highway, Westwood, MA.

On information and belief, Audi of Westwood is actually an entity organized and legally known as AMR Auto Holdings-PA, LLC (d/b/a Audi Westwood) ("AMR"). On information and belief, Automile Holdings, LLC (d/b/a Prime Motor Group) ("Automile") owns, operates, manages and controls Defendant AMR and, on information and belief, is responsible for developing and/or co-developing and implementing and/or co-implementing with AMR the policies and practices complained of herein. Collectively Automile and AMR are sometimes referred to hereinafter, where relevant, as "Defendants."

On information and belief, Automile owns, operates, manages and controls various other entities doing business in Massachusetts similar to the business of AMR for which Automile developed and/or co-developed and implemented and/or co-implemented the policies and practices complained of herein. To the extent that the law permits, this letter is intended to serve as a 93A demand on such other entities related to such unlawful policies and practices.

Ultimately, Defendants determined without cause that they would not perform certain services on Plaintiff's vehicle which Defendants sought authority to do from Plaintiff and which Plaintiff consented to have done. Subsequently and specifically, Plaintiff communicated by telephone with Renan DeAlmeida an employee of one or more of the Defendants, who indicated that Defendants would not perform the services to Plaintiff's vehicle.

Upon hearing from Mr. DeAlmeida, Plaintiff obtained the email address for Mark Hayden, V.P. of Marketing for one or both of the Defendants, in an attempt to amicably resolve the dispute between Plaintiff and Defendants. Rather than Defendants seeking to resolve the dispute, Plaintiff received a telephone call on Thursday morning, August 5, 2021 from the director of the service department of Defendant AMR who was belligerent and unprofessional and simply informed Plaintiff he would be immediately incurring a "storage charge" of $ 35.00 (the "Storage Fee") to Defendants for each day that Plaintiff's vehicle was not removed from AMR's premises. Subsequently, Plaintiff had his vehicle towed from AMR's premises on Saturday, August 7, 2021 at approximately noon time, and paid the Storage Fee and all other charges on the invoice (described below) that Defendants presented to Plaintiff as a precondition to having Plaintiff's vehicle towed.

Defendants did not give notice to Plaintiff that a Storage Fee would be a condition of the services he authorized to be done to his vehicle. Plaintiff was not informed by Defendants and moreover was unaware that he would be charged any such Storage Fee at the time he authorized work to be done on his vehicle, and Defendants' failure to give reasonable notice to Plaintiff that he would be charged a Storage Fee at the time Plaintiff first authorized the work to be done on his vehicle (and also commencing "immediately" on a business day (Thursday, August 5, 2021) without computing the Storage Fee on a 24 hour/day basis, each) constitutes an unfair and deceptive act because, among other things, Defendants' action in charging such a Storage Fee is arbitrary, in bad faith, and unconscionable, violates 940 C.M.R. Section 5.05(4)(a), and resulted in monetary harm and damage to Plaintiff.

2

On information and belief, Defendants have a policy of charging similarly situated consumers (i.e., Storage Fee Class members) Storage Fee(s) without informing them in advance as of the time the consumer first authorizes the work to be done and, additionally, for charging Storage Fees on a per day basis that is computed at less than a 24-hour period.

Defendants also presented an invoice to Plaintiff (the "Invoice") that Defendants required Plaintiff to pay as a precondition to releasing his vehicle to him, which set forth a so-called "Misc Charges" in the amount of $ 46.88, which did not set forth a corresponding reference to labor, parts or storage fees that such "Misc Charges" related to. This violated 940 C.M.R. Sections 5.05(3), (5), (7), (9). Nowhere did the Defendants post on their premises in a clear and conspicuous way the cost associated with charges for parts, labor, storage or "Misc Charges." On information and belief, Defendants have a policy and practice of charging the relevant Class described below (the "Misc Charge Invoice Fee Class)" in violation of the above referenced regulations in this paragraph. Defendants' violation(s) of the regulations set forth in this paragraph constitute a violation (violations) of M.G.L. c. 93A.

Additionally, nowhere on the Invoice was there reflected an hourly rate or the number of hours for such labor associated with the work performed on Plaintiff's vehicle. Failure to disclose such information on the Invoice violates 940 C.M.R. Section 505(9)(g). On information and belief, Defendants have a policy and practice of charging the relevant members of the Class described below (the "Labor Invoice Fee Class") with labor charges without disclosing either or both the hourly rate for such labor and/or the number of hours charged for such labor. Defendants' violation(s) of the regulation set forth in this paragraph constitute a violation(s) of M.G.L. c. 93A.

Defendants have engaged in unfair and deceptive acts and practices in connection with the services performed on and retention of Plaintiff's vehicle, including charging Plaintiff for Storage Fees without adequate and/or reasonable notice, issuing invoices that violate 940 C.M.R. Section 505(9)(g) and issuing invoices with so-called "Misc Charges" or their equivalent that do not have a corresponding entry for labor, parts or storage that such "Charges" related to in violation of 940 C.M.R. Sections 5.05(3), (5), (7), (9).

The actions of Defendants described above violate M.G.L. c. 93A, §§ 2 and 9 (independently for the reasons stated above and) pursuant to certain regulations promulgated thereunder including, *inter alia*, the following: 940 C.M.R. 3.05(1); 3.08(1); 3.16(1); 3.16(2), 3.16(3), and 3.16(4).

As a result of the practices described herein Plaintiff has suffered proximate causally related damages and he seeks to represent the following classes to assert and recover such claims for damages:

## Massachusetts Class-Storage Fees

The **Storage Fee Class** which shall consist of all consumers who engaged Defendants to perform services on their vehicles and who were charged a storage fee by Defendants for the storage of their vehicles in Massachusetts within the four-year period preceding the date of this letter and continuing until the later of resolution of this matter on a class wide basis or the date the Storage Fee Class is certified by a court of competent jurisdiction.

3

The Storage Fee Class shall contain a *sub-class* of consumers who were charged a storage fee by Defendants for the storage of their vehicles that was greater than $ 35.00/24-hour period, within the four-year period preceding the date of this letter and continuing until the later of resolution of this matter on a class wide basis or the date the Class is certified by a court of competent jurisdiction.

### Massachusetts-Labor Invoice Fee Class

The Labor Invoice Fee Class shall consist of all consumers that engaged Defendants to perform services on their vehicles in Massachusetts and who were issued an invoice for labor purportedly performed that did not reflect the hourly rate and/or the number of hours for such labor, within the four-year period preceding the date of this letter and continuing until the later of resolution of this matter on a class wide basis or the date the Class is certified by a court of competent jurisdiction.

### Massachusetts-"Misc. Charge" Invoice Fee Class

The Miscellaneous Charge Invoice Fee Class shall consist of all consumers that engaged Defendants to perform services on their vehicles in Massachusetts and who were issued an invoice which reflected "Misc. Charges" (or other line item charges without a corresponding reference to parts, labor or storage for such charges), within the four-year period preceding the date of this letter and continuing until the later of resolution of this matter on a class wide basis or the date the Class is certified by a court of competent jurisdiction.

In accordance with the requirements of M.G.L. c. 93A, §9(3), Plaintiff now demands for the full and final settlement of these claims, as follows: (1) all Storage Fees charged to Plaintiff and the Class; (2) all labor charges charged to Plaintiff and the Class that were assessed in violation of the regulations governing hours and labor rates for such labor; and (3) all "Misc Charges" (or their equivalent) charged to Plaintiff and the Class that don't have a corresponding entry disclosed on an invoice as parts, labor or storage; all of the foregoing along with attorneys' fees, costs of suit, notice to each of the respective Class members, administration of payments to each of the Class members, and such other reasonable costs and expenses as shall devolve from the Defendants' unfair and deceptive acts and practices described above and the resolution thereof prior to or as a result of a lawsuit.

4

Defendants have thirty (30) days from receipt of this demand to make a reasonable offer of relief to Plaintiff and the Class (the "Offer"). An offer to resolve this matter solely for the claim(s) of the Plaintiff will not be regarded as such a reasonable offer. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016); *Gammella v. P.F. Chang's China Bistro, Inc.*, 482 Mass. 1, 19, 120 N.E.3d 690, 705 (2019).

If Defendants fail to make a timely Offer and their conduct is adjudicated as unfair or deceptive, Plaintiff will be entitled to seek an award of damages and the cost/reimbursement of attorneys' fees and other relevant costs pertaining to this matter. If Defendants' actions and/or conduct is adjudicated as willfully or knowingly unfair or deceptive, the court must award up to three, but not less than double, actual damages pursuant to M.G.L. c. 93A.

Sincerely,

*Michael A. Borrelli*

/SS/ Michael A. Borrelli, Esq.

cc: Edward L. Manchur (via email)