UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-CV-10992-RWZ

EDWARD L. MANCHUR,
*individually and on behalf of those similarly situated*

v.

AUTOMOBILE HOLDINGS, LLC D/B/A PRIME MOTOR GROUP and
AMR AUTO HOLDINGS-PA, LLC D/B/A AUDI WESTWOOD

ORDER

October 5, 2022

ZOBEL, S.D.J.

Plaintiff Edward L. Manchur filed this putative class action in Bristol County Superior Court for breach of contract and unlawful billing practices in violation of the Massachusetts Consumer Protection Law. Defendants thereafter removed the case, claiming jurisdiction under the Class Action Fairness Act ("CAFA"). Before this court is Plaintiff's motion to remand. Docket # 5.

To establish jurisdiction, Defendants have the burden to "allege facts with sufficient particularity to demonstrate that the amount in controversy exceeds" $5 million at the time of removal. See 28 U.S.C. § 1332(d)(2); see also Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 43 (1st Cir. 2009); Baker v. Equity Residential Mgmt., 996 F. Supp. 2d 1, 5 (D. Mass. 2014). In cases where the complaint "alleges a specific damage amount that is less than the federal jurisdictional minimum, many circuits place a heavier burden—showing to a **legal certainty** that the amount in controversy exceeds the jurisdictional

1

threshold—on the defendant than if the complaint did not claim a specific amount." <u>Baker</u>, 996 F. Supp. 2d at 4 (emphasis added). In contrast, in cases where "the complaint does not contain specific damage allegations, the removing defendant must show a **reasonable probability** that the amount in controversy exceeds $5 million." <u>Amoche</u>, 556 F.3d at 43 (emphasis added). The First Circuit has yet not determined what standard should be applied when the damages are only alleged in a civil cover sheet. <u>See</u> <u>Baker</u>, 996 F. Supp. 2d at 5 (declining to decide whether defendant was required to meet the higher "legal certainty burden" in a case where plaintiff only alleged damages on a civil cover sheet, because defendant did not meet their burden even under the "reasonable probability standard").

Here, Plaintiff did not allege damages on the face of the complaint, but listed $3 million in monetary damages on his civil cover sheet. Docket #1, Ex. 2. Defendants assert that, in addition to the $3 million in monetary damages, injunctive relief will aggregate in excess of $5 million because Defendants will need to make "fundamental changes to their operations." Docket # 8 at 6. However, Defendants failed to demonstrate with reasonable probability that the injunctive relief necessary to comply with the storage fee notice regulations would require such "fundamental changes" or would rise to the requisite amount. <u>Baker</u>, 996 F. Supp. 2d at 5. Wherefore Plaintiff's motion to remand (Docket # 5) is ALLOWED.

October 5, 2022
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE